JAMES SHORTS, Respondent, *vs.* PETER CHEADLE, Appellant.

APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

Where a mortgage is payable by installments, the mortgagee cannot treat the *first* installment as a separate mortgage, and foreclose the same by advertisement. Such a sale is void. The statute only authorizes each installment, *after the first,* to be treated as a separate mortgage, and foreclosed by advertisement.

The facts in this case are sufficiently stated in the opinion of the Court.   The cause was originally argued at the December term, 1861, and the opinion now published was filed on the first day of July, 1862.   At the July term, 1862, a motion for a re-argument was made, upon the ground that the case was decided on a point not raised upon the argument.   After hearing a motion for a re-argument, the Court ordered the original opinion to remain on file as the decision of the Court.

Points and Authorities for Appellant.

*Section 3, chap. 75, p. 644 of the Comp. Statutes* provides that " In case of mortgages given to secure the payment of money by installments, each of the installments mentioned in such mortgage, after the first, shall be taken and deemed to be a separate and independent mortgage, and such mortgage for each of such installments may be foreclosed, &c., as if such mortgage were given for each of such subsequent installments," &c.

The statute clearly gives no authority whatever for considering the first installment as an " independent or separate mortgage," nor does it give any authority whatever to foreclose or sell under it as such, but by the strongest implication precludes any such authority, even if it existed before the statutes.   If this construction is the correct one, the sale was

made without any legal authority, and both the Plaintiff and the sheriff were trespassers in making it, and liable to respond to the mortgagor in damages; he having his option to prosecute them for damages or set the sale aside.

H. AUSTIN, Counsel for Appellant.

COLE & CASE, Counsel for Respondent.

*By the Court*—ATWATER, J.—The Plaintiff, Shorts, brought his action to recover of Cheadle the sum of two hundred and twenty-five dollars, money which the complaint alleged the Defendant had received as sheriff of Le Sueur County, on a sale of mortgaged premises, the sheriff acting as auctioneer. The mortgage was held and owned by Plaintiff. The purchaser was one McCutcheon, who bid and paid for the premises at public sale thereof, the sum of four hundred and fifteen dollars, of which the complaint alleged only the sum of one hundred and ninety dollars was paid the Plaintiff.

The answer admitted that the Defendant, as sheriff of said county, had sold at public auction certain mortgaged premises, mentioned in a certain printed notice of mortgage sale annexed to and made a part of the answer, the premises consisting of two half quarter sections of land. That one was sold to the Plaintiff for the sum of $300, and was applied upon and deducted from the sum in said notice claimed to be due the Plaintiff from the mortgagor, which sum was stated in said notice to amount to four hundred and 'seventy-four dollars and sixty-five cents. That the other eighty was sold to McCutcheon for the sum of $415, of which Defendant paid Plaintiff $190 20. That the balance of said amount of $415, so bid and paid in by McCutcheon, to wit, $224 80, was duly levied upon, seized and applied in satisfaction of an execution issued from and out of the District Court of Rice county, upon a judgment therein rendered and docketed, in favor of said McCutcheon, and against Antoine You, the mortgagor in said notice named. In the notice of mortgage sale annexed to the answer appears this clause, viz: "Amount of debt secured by said mortgage, eighteen hundred and sixty one, 41-100 dol-

lars." Immediately following which is, "amount claimed to be due as interest upon the debt aforesaid, at the date of this notice, $474 65-100 dollars."

The reply admits the sale was made under the notice mentioned in the answer, but denies that he has received all the moneys to which he was entitled under the sale; states that the mortgage was given to secure the sum of $1861 41, due on or at any time when said You should make payment, before September 26th, 1864, with interest payable annually, at the rate of eighteen per cent. per annum. That by the terms of said mortgage, in case of default in payment of said sum, or the interest, or any part thereof, at the time specified, the Plaintiff was authorized to sell the same according to statute, &c. It denies knowledge or information sufficient to form a belief as to the levy upon execution, as alleged in the answer, and alleges that the Plaintiff is entitled to the whole of the moneys bid at the sale and paid to the Defendant, to be applied in payment of the interest due, and in reduction of the principal debt secured by the mortgage.

The Defendant moved for judgment upon the pleadings, which motion was overruled, and the Defendant appeals to this Court. The question presented by the above state of facts is, to whom does the surplus over and above the amount of the installment due belong, or rather, does it belong to the Plaintiff?

This is a statutory foreclosure, and the provisions of the statute must be strictly, or at least substantially complied with. It appears by the pleadings that the principal secured by the mortgage is not due till 1864; but the interest is payable by installments, to wit, annually. The first installment, that is, the first year's interest, became due, and default was made in the payment thereof. The mortgagee proceeded to foreclose, we presume under *sec. 3 of chap. 75, p. 644, Comp. Stat.* Upon a careful examination of that statute, I do not think it authorizes this foreclosure. It will be observed, that this section provides that "in cases of mortgages given to secure the payment of money by installments, each of the installments mentioned in such mortgage, *after the first*, shall be taken and deemed to be a separate and independent mort-

gage ; and such mortgage, for each of *such* installments, may be foreclosed in the same manner, and with the like effect as if such separate mortgage were given for each of such subsequent installments." By the terms of this section, it is only each installment after the first that is to be deemed a separate mortgage, and it is only for *such* installments that a foreclosure is authorized by this statute. It is not easy to assign, perhaps, any valid reason why this first installment should have been excepted, but as I think there can be no doubt that such is the effect of the language used, it is the duty of the Court to carry out the intent of the act. The mortgagee may, undoubtedly, by application to the Court, have a decree for foreclosure upon the falling due of any installment, when the power of sale authorizes the mortgagee to sell upon any default in the conditions ; but if he chooses to proceed under the provisions of the statute, he must see to it that authority is conferred to such end.

Under this view of the case, the sale must be held void, and consequently the Plaintiff is not entitled to any of the proceeds of the sale, and the judgment below must be reversed.