## Hugh McCurdy v. Eliza G. Clark and another.

*Mortgages payable in instalments.* Where several distinct payments are secured by one mortgage, no one of them has any preference over the rest in consequence of its falling due sooner, but all have equal claims to be paid ratably out of the land.

*Mortgages payable in instalments: Foreclosure by advertisement.* Under our statute (*Comp. L.*, § *6913*), a mortgage payable in instalments stands upon the same basis as to foreclosure, as if each instalment were secured by a separate and independent mortgage, neither having priority over any others; and a foreclosure under the power of sale, for an instalment simply, is entirely unsuited to the enforcement of the respective liens, or the adjustment of the respective interests.

*Foreclosure by advertisement for an instalment.* Such a sale, expressly made subject to the subsequent instalments, will leave such instalments a lien on the land as against both the mortgagor and the purchaser at the sale.

Such a sale, not made subject to the subsequent instalments, will bar only the equity of redemption of the mortgagor and subsequent purchasers and incumbrancers, and will not cut off the other instalments; and a subsequent foreclosure for another instalment would do nothing towards an adjustment of the respective interests of the parties; if each bid off the whole land, neither would become owner of any particular part thereof, or of any definite undivided interest therein, but each would still have a lien, which, though foreclosed as to those holding subordinate rights, would remain, as to the other, a mere lien; neither could redeem from the other, and neither would gain or lose precedence or position by the foreclosure sale.

*Practice in supreme court: Costs.* In this case, the decree below having been modified on appeal, each party being held to have been in error from the beginning, no costs were awarded to either party.

*Submitted on briefs July 8.    Decided July 15.*

Appeal in Chancery from Shiawassee Circuit.

*S. B. Raynale,* for complainant.

*A. C. Baldwin,* for defendants.

COOLEY, J.

This case involves some novel questions under the statute for the foreclosure of mortgages by advertisement.

March 17, 1863, Henry Drum gave a mortgage to Eliza G. Clark, on lands in the county of Shiawassee, to secure the payment of a note for five hundred dollars, payable with interest in ten equal annual instalments; the first to be paid November 1, 1864.  January 25, 1869, the mortgagee ·caused the premises to be advertised for sale under the power of sale contained in the mortgage, to satisfy the instalment which fell due November 1, 1868, and they were sold accordingly, and bid off by complainant McCurdy, for the instalment mentioned and the costs.  Neither in the notice of sale, nor by any one at the time of the sale, does any thing appear to have been said about the instalments still to come due, and the whole land was sold.  The instalment falling due November 1st, 1869, was not paid, and the mortgagee, through defendant Bowman, with whom she had left the mortgage to secure an advance, took proceedings in a like foreclosure for that instalment, and Bowman became pur-·chaser.  McCurdy then setting up a claim to the land dis-·charged of any further lien by virtue of the mortgage, Bowman deemed it advisable to redeem from the sale to McCurdy, ·and paid to the register of deeds the amount of McCurdy's bid, with interest.  McCurdy refused to receive this money, ·and filed his bill to enjoin the completion of Bowman's purchase, and to have that and the pretended redemption declared ineffectual.  In the court below this bill has been ·sustained.

McCurdy insists that when a mortgage is foreclosed for ·one instalment, and others are to fall due upon it, a sale ·of the land for that instalment discharges it of the lien of the mortgage entirely, unless the sale is made expressly sub-

ject to the other instalments.   Bowman, on the other hand, argues that under the statute (*Comp. L.*, § *6913*) each of the instalments, after the one for which the land was sold to McCurdy, is to be deemed an independent mortgage upon the land, and as such, it is no more and no otherwise affected by the sale than if created by a separate instrument.

The statute referred to provides that, "In cases of mortgages given to secure the payment of money by instalments, each of the instalments mentioned in such mortgage after the first, shall be taken and deemed to be a separate and independent mortgage, and such mortgage for each of such instalments may be foreclosed in the same manner and with the like effect as if such separate mortgages were given for each of such subsequent instalments, and a redemption of any such sale by the mortgagor shall have the like effect as if the sale for such instalment had been made upon an independent prior mortgage."

This statute was passed in consequence of the decision in *Kimmell v. Willard's Administrators, 1 Doug., Mich., 217*, in which it was held that a foreclosure under the power of sale for the satisfaction of one instalment, and a sale of the land therefor, forever disencumbered the land of the mortgage.   It was intimated in that case, however, that while such would be the case generally, it was competent for the mortgagee foreclosing for one instalment, to make his sale subject to those falling due afterwards; and though in such case the lands would nevertheless at law be discharged of the mortgage, a court of equity would lend its aid to the mortgagee, and treat the land in the hands of the purchaser as charged with the subsequent instalments. Under the statute as it now stands, if sale is made subject to the subsequent instalments, there is no doubt that, both at law and in equity, they remain a lien on the land, not only as against the mortgagor, but also as against the purchaser at the prior foreclosure.

In this case, however, the mortgagee neglected to make the first sale subject to the subsequent instalments.   Had

the mortgagor redeemed, the case would have been fully covered by the statute, and no confusion could have arisen respecting the rights of the mortgagee and the purchaser under the foreclosure. The latter would have been entitled to the redemption moneys, and the former would have retained a lien upon the land for the instalments still to come due. But the mortgagor did not redeem, and the statute fails· to give complete directions for the determination of the questions which arise.

Where several distinct payments are thus secured by one mortgage, no one of them has any preference over the rest in consequence of falling due sooner, but all have equal claims to be paid ratably out of the land.—*Cooper v. Ulman, Walk. Ch., 251; English v. Carney, 25 Mich., 178.* And if each may be treated as a separate mortgage for the purpose of a foreclosure under the power of sale, then it may be advisable to test the rights of the respective parties to this suit by supposing this mortgagee to have held two separate mortgages for the sums for which the sales to McCurdy and Bowman respectively were made. To make the case analogous, we must suppose the two mortgages to have borne the same date, and to have been executed, delivered and recorded together, so that neither could have any precedence of the other.

If one of these mortgages were then to pass into the hands of a third person, and he should foreclose it under the power of sale, it is obvious that this foreclosure could in no way affect the rights of the mortgagee as owner of the other. Neither of them having any precedence before, neither could have any afterwards. The foreclosure might take away the mortgagor's right of possession, if he failed to redeem, and it might bar the right of rememption of any subsequent purchaser or incumbrancer. As to the rights of the mortgagor and of such subsequent purchaser or incumbrancer, the mortgage foreclosed would be paramount, but it would not be paramount to one in respect to which it had no precedence. And it needs but little reflection, when

the position of the respective owners of mortgages thus standing on an equality in respect to the lien is considered, to satisfy the mind that a foreclosure under the power of sale is entirely unsuited to the enforcement of the respective liens, or the adjustment of the respective interests.

It has already been remarked that if one party thus circumstanced forecloses by this process, the right of the other is not barred. A foreclosure under the power of sale by the other, afterwards, could do nothing towards an adjustment of their respective rights. If the whole land were bid in by each, neither would become owner of any particular part of the land, or of any definite undivided interest therein; but each would still have a lien, which, though foreclosed as to persons whose rights were subordinate, would remain a mere lien as to the other mortgagee, because his rights were not subordinate. For the same reason, neither could redeem from the other. As both parties would stand on an equality, if one could have the right to redeem, the other must have it also, while the moment one should exercise the right, the like right in the other would be gone, because his interest in the land would thereby be taken away,—in effect, purchased by the other,—and no one can redeem who has no interest in the land. Thus a practical exercise of the right to redeem would be a practical assertion and enjoyment of a superior right, and therefore inconsistent with the relative positions of equality. Moreover, the right of redemption, in the case of mortgagees, only exists for the purpose of enabling them to preserve or protect their liens, and in such a case it would not be necessary for that purpose, for the lien is not susceptible of being cut off by such a foreclosure of another lien which is not paramount, and therefore does not need the redemption.

What, then, is the position of a party who forecloses for one of several instalments owing upon his mortgage? If he is careful to sell subject to the other instalments, there is no difficulty, since the effect will be to charge the land,

27 MICH.—57.

in the hands of the purchaser, with the payment of such subsequent instalments. But if he neglects to do this, while his foreclosure may have the effect to bar the equity of redemption of the mortgagor, and of subsequent purchasers and incumbrancers, as between him and the purchaser at his sale, the latter has become purchaser only of an instalment of the mortgage, and the remaining instalments still retain their relative positions; the one on which foreclosure has been had neither gaining nor losing precedence or position by that process, and the owner thereof having no greater or other rights than the mortgagee had in respect to it before, except as he may have acquired the right to possession by the failure to redeem on the part of the mortgagor and other parties whose rights were subject to the mortgage of which the instalment was a part. This must certainly be the result when the instalment on which the foreclosure is had, and the subsequent one, are owned by different parties, and we see no reason for a different conclusion where the ownership of both is in the same person. If the several instalments are to be treated as separate mortgages for the purposes of foreclosure, the fact of their being owned together or by different parties can be no more important than it would be in the case of distinct instruments.

It follows that both parties have been in error in respect to their several rights. McCurdy does not hold the land discharged of the lien of the subsequent instalments, but in his hands the land is liable for such instalments, and for the amount bid by him on the foreclosure, ratably in proportion to the respective amounts. On the other hand, Bowman had no right to redeem from the sale to McCurdy, and the defendant Clark could not have foreclosed, as against McCurdy's rights, under the power of sale. When, therefore, Bowman claimed to have redeemed from the sale to McCurdy, and asserted title to the land under the second foreclosure, McCurdy was entitled to relief against his claim.

The decree in the court below was made on McCurdy's theory of the case, and was too broad. So far as it adjudged the attempted redemption to be void, it was correct; but in holding Bowman's purchase void, and directing him to release, it was erroneous. Bowman's purchase was equally good with McCurdy's, and each is on an equal footing as regards the land. The only advantage either has obtained regards the possession of the land, which McCurdy appears to have succeeded in obtaining, and of which we see no way of depriving him until further proceedings are had. And from the nature of the case, a court of equity alone is adequate to deal with liens thus circumstanced, and neither of the parties can foreclose the right of the other, except by suit in that court.

The decree should be modified in accordance with these views, and the cause remitted. And as each party has been in error from the beginning, we see no reason for awarding costs to either.

GRAVES, J., and CHRISTIANCY, CH. J., concurred.

CAMPBELL, J., did not sit in this case.