JOHN C. SUGART, plaintiff in error *vs.* MACE A. MAYS, defendant in error.

1. A plea to an action of. ejectment which attacks a conveyance from the defendant to the plaintiff, as being part of an usurious contract, is not an equitable, but a strictly legal defense; and to make it available, no tender or offer to pay the debt which the conveyance was intended to secure is requisite, even though the deed may amount, in equity, to a mortgage.

2. A deed, absolute upon its face, made as part of an usurious contract, to secure a debt infected with usury, is void as a legal title; and on it the grantee, who has never been in possession, cannot, in an action of ejectment, recover the premises of the grantor.

3. Where the question is as to whether a particular transaction was a loan with an absolute deed to land taken as security, and bond for titles given by the lender, it is not competent to prove that the alleged lender's custom and practice were to lend on such security, there being no evidence suggesting such a prior course of dealing between him and the present alleged borrower, or that the latter had any knowledge of it as practiced with others.

Ejectment. Deeds. Mortgage. Usury. Pleadings. Equity. Evidence. Custom. Before Judge KNIGHT. Cobb Superior Court. November term, 1874.

This case was tried before Judge UNDERWOOD. The motion for a new trial was heard by Judge KNIGHT.

The facts are sufficiently stated in the opinion.

IRWIN & ANDERSON; W. T. & W. J. W̶̶̶̶̶̶̶̶̶̶ ̶̶̶̶̶̶̶laintiff in error.

GEORGE N. LESTER, for defendant.

Sugart *vs.* Mays.

BLECKLEY, Judge.

Plaintiff in ejectment must recover on his own title.

1, 2. Here the only title which he exibited was a deed from the defendant to himself dated in 1867. If that deed did not invest him with title, he was wholly without any, for he had never been in possession of the premises, and, for ought that appears, had no claim to them, except under the deed in question. At the making of the deed defendant was in possession, and has so remained. The real and only question, therefore, was as to the character and effect of that deed. The defendant, by his special plea, alleged that it was void, because made as part of an usurious contract, and to evade the laws against usury. The plea set out a contract infected with usury, and averred that the deed was made as a part of that contract, to secure the payment of the money, and was intended as a mortgage, the form of the transaction being a contrivance to evade the law. Here was the hinge upon which the whole case ought to have turned. The parties were at issue on this defense, and there was evidence both for and against it—strong evidence, strongly conflicting. The jury should have been sent out, under proper instructions, to grapple with this evidence, and decide the issue—the issue which the plea made, and which the evidence on one side tended to support, and on the other to disprove. But the rugged path along which the jury must have walked to arrive at the material and controlling truth in the case, was made smooth, or rather cut short, by the court. The court instructed them that the defendant's plea could not avail him, unless he had offered to pay the debt and interest. Now, whether such an offer had been made, was not embraced in the issue on trial. The plea did not affirm any such thing, and there was no evidence going to establish it. If it was meant that the jury should search for the truth on that question, they were sent to find what was not lost. If it was meant that the plea was essentially defective, as wanting the averment of such an offer, that was a matter for the court to deal with alone, and it was an in-

advertance to refer to the jury any question whatever touching the defense set up by the plea. If the defense was incomplete, as pleaded, it was idle to test the truth of it. What is insufficient might as well be false as true, when put forward as a defense to an action of ejectment or any other action. Under the instructions given to the jury there is no certainty that the jury took the trouble and responsibility of passing on the truth of this plea. The strong probability is that they did not, for the charge of the court enabled them to pause at a place of perfect rest on the wayside. The plea, if true, is a complete defense as it stands. By the Code of 1863, section 2024, "all titles to property made as a part of an usurious contract, or to evade the laws against usury, are void." Such titles are not merely voidable, but void—void absolutely and unconditionally. What the statute plainly affirms, without terms and without conditions, the party may affirm by plea, in a court of law, and stand upon it. He need not purchase the right to plead such a matter, but may plead it without money and without price. Such a defense as this is a naked legal defense, and is subject to no rule peculiar to courts of equity. The plea sets up, not equity but law—cold, hard law. It contains no prayer and petitions for no relief; it simply offers resistance to an alleged void title by setting forth plainly, fully and distinctly, the facts that, under the statute, make it void. It may well be true, that the deed, though void as a title to property, may be valid in equity or even possibly at law, as a mortgage to secure the alleged debt and lawful interest. Treated as a mortgage, there is no necessity that it should pass the title. Indeed, as the law has been long settled in this state, title never passes under a mere mortgage. But in the present action there was no attempt to foreclose or otherwise to enforce the deed as a mortgage of any kind. The plaintiff, being in a court of law and his action being strictly a legal action, asserted it as title; and as title the defendant met it by his plea, and denied its validity. The parties were at issue on the deed as title, and what effect it might have as a mortgage was not in question.

Land cannot, in Georgia, be recovered in ejectment on a mortgage as a mortgage; title is requisite, and this deed, if the plea be true, is utterly void as title, whatever virtue it may have as a mortgage or anything else.

3. There was no error in rejecting the evidence offered to prove the plaintiff's custom and practice in lending, on absolute deed as security, with bond for titles from himself to the borrower. There had been previously no such course of dealing between these parties; and it did not appear that the defendant knew of it as practiced with others.

Judgment reversed.