## DENHAM *vs.* KIRKPATRICK.

1. An action for damages transferred from the county court to the superior court because the plaintiff's title to land was involved, goes in its entirety to the superior court, and will be fully and finally disposed of therein.

2. A deed tainted with usury is void as title, and if good as an equitable mortgage construed with bond to recovery, it is good only to secure the principal debt

3. Where the holder of such a deed, on the sale of the land by the sheriff, states he holds an equitable mortgage for fifteen hundred dollars and that the purchaser will buy subject to that incumbrance, and becomes a bidder himself, with full knowledge that five hundred dollars of the fifteen hundred is for interest taken by himself for one year's loan of one thousand dollars, and the land is knocked off to him, and another bidder who contested with him would have given five hundred dollars more for the land, had the mortgage been represented as to secure but one thousand dollars:

*Held,* that the equitable mortgagor is entitled in an action plainly and distinctly setting out the above stated facts and proving them on

the trial, to recover from the buyer the difference between the price at which the land was bid off and what it would have brought but for the misrepresentation, with interest up to the trial.

4. It is always right for the court, before their discharge, to have the verdict of the jury put in proper form, the substance thereof not being changed.

Courts. Jurisdiction. Title. Usury. Mortgage. Damages. Practice in the Superior Court. Before Judge SNEAD. Richmond Superior Court. April Term, 1879.

Kirkpatrick brought suit in the county court of Richmond county, against Denham. The declaration alleged, in brief, the following facts : Plaintiff was the owner of a lot in the city of Augusta, which was levied on and brought to sale in June, 1876, under a *fi. fa.* against him. Just as the lot was exposed for sale by the sheriff in the presence of a large number of bidders, defendant caused his attorney to announce publicly that he held an equitable mortgage for $1,500.00 on the place, and that the purchaser would take subject to this lien,—the attorney exhibiting at the same time a paper as such mortgage. This statement was false, fraudulent and malicious, and, by frightening bidders, enabled defendant to buy in the land at a price much below its value, thereby damaging plaintiff.

This declaration was filed in the county court, September 14, 1878.

Defendant pleaded the general issue, the statute of limitations, and estoppel from claiming title by reason of a deed conveying the property out of defendant before the sheriff's sale.

On account of the collateral issue in regard to the title, the case was transferred to Richmond superior court. (Acts 1874, p. 79). When the case was called in that court, counsel for defendant insisted that nothing was for trial there except the collateral issue of title. The court overruled this position and ordered the case to proceed.

The evidence showed substantially the following facts :

In December, 1875, plaintiff, who then owned the place, borrowed $1,000.00 from defendant. For this he gave his note for $1,500.00 due at twelve months, and to secure this, made a deed for the lot to defendant, and took a bond for re-conveyance upon payment of the note. At the sheriff's sale defendant's attorney made an announcement, or had it made. He testified that it was stated that defendant had a deed to the property the consideration of which was $1,500.00, and would claim under it as an equitable mortgage, and that purchasers would buy subject to whatever incumbrance defendant might have under the deed. Witnesses for plaintiff state the announcement as it was set out in the declaration. Defendant himself became a bidder. One Wilson was also a bidder. The latter was willing to pay $3,700.00 for a clear title; considering that the incumbrance would be $1,500.00, he bid $2,200.00, and, defendant bidding $2,210.00, he became the purchaser. Had it been announced that the incumbrance was $1,000.00 Wilson would have bid $2,700.00.

The jury found for plaintiff $588.95. Defendant moved for a new trial on the following grounds, among others :

1st. Because the court erred in holding that the whole case was before the superior court for trial.

2d. Because the court refused to charge, as requested by defendant's counsel, "that to support an action for slander of title, it must be shown that the statement made by defendant to the injury of the title, was both false and malicious;" but instead of charging as so requested, qualified the same by saying "that if the statement was false, that was, alone, sufficient to authorize the plaintiff to recover actual damages, and if malicious, then the plaintiff could also recover exemplary damages."

3d. Because the court refused to charge, as requested by defendant's counsel, "that if the case is not an action for slander of title, then it is an action for words, and if not brought within one year from the time the action accrued, then it is barred by the statute of limitations."

4th. Because the court refused to charge the jury, as requested by defendant's counsel, "that the plea of usury is a personal plea, and until Kirkpatrick, the plaintiff in this case, availed himself of this plea, Denham, the defendant, could in good faith and without malice or falsehood, claim that there was due him in the transaction fifteen hundred dollars."

5th. Because the court erred in charging the jury " that if they found from the evidence that $500.00 of the sum named as the consideration in the deed from Kirkpatrick to Denham was usury, then said deed was void as title, and the statement, if made by defendant or his counsel at the sale, that he held an equitable mortgage upon the property for fifteen hundred dollars, was false, and the plaintiff was therefore entitled to recover whatever actual damages he may have sustained ; and further, if the jury found that the statement was also malicious, then plaintiff is entitled besides to exemplary damages."

6th. Because the verdict was contrary to law and evidence.

7th. Because the court erred in the following : When the jury returned to the court-room with their verdict it was as follows :

" We, the jury, find for plaintiff the sum of four hundred and ninety dollars, with interest from date of the sale of the property."

Counsel for plaintiff arose, and stating that he desired no interest to be expressed in the verdict, moved the court to instruct the jury, if they meant to give the interest as damages to plaintiff, to retire to their room and so amend the verdict as to include all the damages in one general verdict of damages. Whereupon the court so instructed the jury, and they retired to their room and immediately afterwards returned with the following addition to their finding : " The amount of damages with interest is five hundred and eighty-eight dollars and ninety-five cents." Counsel for plaintiff still objecting to the form of the verdict, the court

directed the foreman, if such was the intention of the jury, to include or embody the whole amount in one general verdict reading in damages. Whereupon the foreman, without the jury retiring, wrote the following verdict over his name as foreman: "We, the jury, find for plaintiff the sum of five hundred and eighty-eight dollars and ninety-five cents damages,"—which was read aloud by the clerk, all of the jury being in their seats and all of them tacitly assenting to the verdict so amended, but the court not inquiring particularly of the balance of the jury if such was their verdict; all of which was objected to by defendant's counsel.

The motion was overruled, and defendant excepted.

VERDERY & VERDERY; H. CLAY FOSTER, for plaintiff in error.

S. WARREN MAYS, for defendant.

JACKSON, Justice.

1. When this case for damages, arising upon misrepresentation of title of defendant in *fi. fa.* to his land, to the extent of spreading too heavy a cloud over it, was transferred to the superior court from the county court as involving title to land, the entire cause was transferred, and the superior court was right to retain jurisdiction of the entire case.

2. Not only our Code of laws (omitted from the Code of 1873 because there was at that date no law against usury, but found in the Code of 1868, §2025) but frequent rulings of this court, makes deeds for land tainted with usury void, if used to transfer title; and no recovery in ejectment could be had on such a deed.

We have not decided that such a deed with bond to reconvey would be good for anything as an equitable mortgage. The nearest approach to such a decision is to be found in *Sugart vs. Mayes,* 54 *Ga.,* 554; but there it is

merely intimated that such might be the equity of the case. However that may be, it is quite certain that the deed could only be held good as a security for the legal part of the consideration, and that in this case, under the act of 1875, p. 105, is only the principal. So there is no error in the ruling of the court on these points.

3. But the main question in the case is, whether the pleadings and facts proven under them make such a case as entitled the plaintiff to recover? The defendant says that the suit is for slander of title under section 3025 of the Code, and that the facts do not sustain such an action, and that the charge was inapplicable to the action for slander of title. The reply is that the action is complaint, or, as it would have been termed at common law, an action on the case founded on equitable principles, for the recovery of money which in good conscience the plaintiff ought to recover. The declaration alleges, in substance, that defendant represented at the sale of the plaintiff's property by the sheriff that he held an equitable mortgage thereon for fifteen hundred dollars, whereas, in truth and fact, if he held a mortgage at all, it was for only one thousand dollars; that he made this representation with a fraudulent view and intent to bid for the land at the sale and to get it at a less price than it was worth; that he did bid, and it was knocked off at a less price to him, and that plaintiff was entitled to recover from him the difference between what the land brought and what it would have brought but for his false and unfair statement. The *allegata* and *probata* agree better in this case than any I believe I have ever reviewed, and if the *allegata* entitle plaintiff to recover, his case was fully made out by the proof.

If one interferes with a judicial sale, or any other sort of sale, by statements by which he gets the property at less than others would have given, he must state the truth, *the whole truth*, and nothing but the truth. This defendant stated that he had an equitable mortgage for fifteen hundred dollars, whereas five hundred of it was interest for the

loan of one thousand for one year ; which made the truth to be, if he had any mortgage at all, that he had one only for one thousand dollars. Thereby he got the land for $500.00 less than another bidder swore he would have given for it. He ought not *ex æquo et bono* to keep this money, and the verdict is just and right. When one thus interferes with a judicial sale particularly, he must not cloud the title of defendant in *fi. fa,* without stating all the truth, especially must he not do so for the purpose of getting an advantage at the sale at the expense of other bidders and of the defendant in *fi. fa.*

In respect to the view that the pleadings in this state have been held too loose in past adjudications, and that they are too loose here, we have but to say that whatever they may have been in other cases, in this the plaintiff has most clearly and distinctly set forth his cause of action, giving in it every fact which makes his equitable case on the declaration full and complete, and ample to authorize a recovery. This is all that he has ever been required to do in this state since the judiciary act of 1799. Cobb's Digest, pp. 470–486.

And the struggle has always been with our legislature to make pleadings as simple as possible ever since that act of 1799, and so far from our courts innovating upon law when they sustained such pleadings, they have co-operated with the law-making power when they have done so ; and have generally endeavored to conform to special pleading as far as conscience would permit them to go. And now that the legislature, not the courts on their own motion, have broken down the barriers between law and equity by distinctly enacting that no suitor shall be driven into equity to enforce any right which law or equity may give him, but may elect either forum—Code, §3082—there can be no doubt of the legality of this suit and the rightfulness of this recovery ; and if anybody finds fault and wishes the law changed, let such an one go to the law-making and not to the law-expounding authorities.

The verdict is not for punitive, but actual damage; therefore it does not matter what the court charged on that subject, though it would seem, as this was a tort, or at least in the nature of a tort, the judge was not far wrong under our Code, section 3066.

4. The substance of the verdict was not altered. Only the interest found by the jury to be paid as damage separately from the principal was consolidated with it in the presence of, and by the consent of, the jury before their discharge.

Judgment affirmed.