42 181
96 421

### MARY E. MILES v. ADA SKINNER ET AL.

*Statutory foreclosure for instalments due—Title of bona fide purchaser after period of redemption—Comp. L., § 6913—Facts only set up in the answer are not at issue.*

Matters not set up in a bill but only in the answer are not thereby put in issue and cannot properly be adjudicated.

Whether the title obtained by one who buys from the purchaser on statutory foreclosure after the time for redemption has expired, can be passed upon in a foreclosure proceeding for a second instalment under the mortgage—Q.

Where a foreclosure by advertisement for the first instalment due on a mortgage and for interest on the other instalments, has become absolute, and the land has been bid off and not redeemed, the mortgager's wife may, with her own money, buy it from the purchaser on foreclosure, and if the sale was not made subject to succeeding instalments, she acquires full title.

Comp. L., § 6913, by which the lien of a mortgage is preserved for successive foreclosures by advertisement for instalments of the debt as they fall due, would not, *it seems,* apply where title was obtained by a foreclosure on default in the payment of interest on a note, and the sale was not made subject to the principal debt.

In foreclosing by advertisement a mortgage securing separate notes, the mortgagee can preserve his lien for subsequent foreclosures, by selling the premises subject to the payment of the principal indebtedness; if he sells them discharged from farther incumbrance, he can depend on the mortgager's personal liability. ·

Appeal from Berrien.    Submitted October 23.    Decided November 29.

FORECLOSURE.    Complainant appeals.

*Edward Bacon* for complainant.    A purchaser on foreclosure obtains the rights held by the mortgagee, *Gilbert v. Cooley,* Walk. Ch., 494; *Lillibridge v. Tregent,* 30 Mich., 106; and a deed from him to a third person conveys all his rights in the land, *Niles v. Ransford,* 1 Mich., 338; *Johnstone v. Scott,* 11 Mich., 246; *Thayer v. McGee,* 20 Mich., 208; the mortgager's wife can buy it from the purchaser on foreclosure, even though she joined in the mortgage, *Gantz v. Toles,* 40 Mich., 728.

*O. W. Coolidge* for defendants.    If an answer to a bill in .chancery sets up interests not touched upon in the bill, the defendant invokes the jurisdiction of the court as to them and is bound by the decree, *Banker v. Cleveland,* 19 Mich., 230; *Adams v. Preston,* 22 How., 473; *Peterson v. Lothrop,* 34 Penn. St., 223; a court of equity has full jurisdiction over the conflicting interests of the parties, *McCurdy v. Clark,* 27 Mich., 451; a wife who unites with her husband in a mortgage cannot become a purchaser against the mortgagee's interest, *Nash v. Spofford,* 10 Met., 192; *Dudley v. Cadwell,* 19 Conn., 218; *Wadleigh v. Glines,* 6 N. H., 17.

MARSTON, J.    November 16, 1866, Hiram C. Miles made and delivered to John Slonecker his note wherein he promised to pay Slonecker or order one thousand and fifty dollars with ten per cent interest one year from the date thereof, or two hundred and ten dollars with ten per cent interest annually for five years.    On the same day to secure payment thereof, Hiram C. Miles and his

wife Mary E., the complainant in this case, executed and delivered to Slonecker a mortgage upon certain real estate. January 15, 1868, Slonecker, the mortgagee, commenced proceedings by advertisement, in which it was set forth that default had been made in the payment of two hundred and ten dollars, and interest on one thousand and fifty dollars at ten per cent from the sixteenth day of November, 1866, "which is claimed to be due and unpaid at the date of this notice on a certain mortgage and note accompanying the same (reference thereto being had), bearing date the 16th day of November, A. D. 1866." Pursuant to this notice the premises were sold April 14, 1868, to John H. Lee for the sum of $407.85. This amount he paid to the officer making the sale, and the usual deed was executed and filed with the register of deeds, and there being no redemption, this deed was duly recorded April 30, 1869.

In July, 1869, complainant Mary E. Miles received from her father $400. She then purchased the premises from Lee, receiving from him a warranty deed. She paid him the money she had received from her father and a small sum in addition thereto; the precise amount is immaterial at present.

Complainant claims to have remained in possession of the premises under the deed from Lee, and to have paid the taxes and built a barn thereon of the value of $250.

In August, 1870, Slonecker, the mortgagee, filed his bill in the usual form in the circuit court in chancery to foreclose this mortgage, claiming that there was then due $840 and interest. Complainant was made a party defendant on the ground that she had executed the mortgage as the wife of Hiram C. Miles. Lee was made a party defendant as a subsequent purchaser or incumbrancer, in accordance with the rules and practice.

Complainant and Lee answered, setting up the foreclosure by advertisement, the purchase by Lee at such sale, his deed thereunder, and conveyance to Mary E.

Miles as already set forth. A replication was filed, proofs taken, and the usual decree rendered for a sale of the mortgaged premises. A sale was had and the mortgagee, Slonecker, became the purchaser; the sale was confirmed, and in 1874 possession taken thereunder.

No question is made as to the regularity of the foreclosure proceedings by advertisement or of the subsequent foreclosure in chancery.

The complainant in this case asks that the amount paid by her to Lee, with interest thereon, the value of the barn and taxes paid by her with interest, be allowed her, and prays for such general relief as she may be entitled to.

The above is a substantial statement of the facts without reference to the charges made concerning the purchase by Lee and conveyance made to complainant, which are not sustained by the proofs.

The claim made that this entire matter was passed upon in the second foreclosure or chancery case, is not well taken. The interest which this complainant had acquired under her purchase from Lee was not set up or referred to in the bill of complaint in that case, and although set up in the answer, it was not thereby put in issue, and could not therefore properly be adjudicated upon. Even had the complainant amended his bill, and thus put the matter in issue, it is very questionable whether her title could have been passed upon, or what benefit the complainant in that case could have derived therefrom. She at least had acquired a lien on the premises, under her purchase from Lee, which could not be cut off in the subsequent foreclosure case. *McCurdy v. Clark*, 27 Mich., 445.

In this case the foreclosure by advertisement was not made subject to the subsequent installments. This however would make no difference had the sale been made for the first installment with interest thereon. The case last cited would then govern. Here the foreclosure was

not only for the amount of the first installment with interest thereon, but for the interest upon each of the subsequent installments.

The several installments are to be treated as several independent notes and mortgages. No one however would have any preference over the rest by reason of its falling due sooner; all would have equal claims to be paid ratably, and under our statute, as construed in *McCurdy v. Clark*, a sale for one installment would not cut off the others.

Suppose however that default being made in the payment of interest upon a note not due, which is secured by mortgage, and the mortgagee proceeds to foreclose under the statute by advertisement for the interest due, and the sale is not made subject to the principal debt, would there be any doubt but that the purchaser at such sale, after the time for redemption had expired, would take the title relieved from the mortgage lien entirely? The statute (§ 6913*) does not apply to such a case and save the lien of the principal sum. In this case each installment was a separate note, and the amount for which the premises were sold under the first foreclosure, when Lee became the purchaser, included the interest then due on each installment, and there being no redemption, the purchaser took the premises free and clear from all farther incumbrances under this mortgage. In case of non-payment of the interest or any part thereof, the mortgagee was authorized to foreclose and sell the premises. In doing this he could protect himself by selling the premises subject to the payment of the principal indebtedness (*Kimmell v. Willard's Adm'rs*, 1 Doug. [Mich.], 217), or he could offer them for sale with-

---

* (6913) * * * In cases of mortgages given to secure the payment of money by installments, each of the installments mentioned in such mortgage, after the first, shall be taken and deemed to be a separate and independent mortgage, and such mortgage for each of such installments may be foreclosed in the same manner and with the like effect, as if such separate mortgages were given for each of such subsequent installments, and a redemption of any such sale by the mortgageor shall have the like effect as if the sale for such installments had been made upon an independent prior mortgage.

42 MICH.—24.

out reference to the farther incumbrance—discharged therefrom—and look to the personal liability of the mortgagor. Where the mortgage is foreclosed in chancery, the statute makes provision in cases like the present, under which the rights of all parties may be protected, but there are no corresponding provisions where the foreclosure is by advertisement under the statute and power of sale contained in the mortgage.

We can see no escape from the conclusion that Lee, the purchaser at the first foreclosure sale, acquired title to the entire premises sold, discharged from all farther liability under the mortgage, and that the title so acquired passed from him under his conveyance to the complainant, and that the subsequent foreclosure proceedings in chancery in no way injuriously affected her title to the premises, and a decree must be entered accordingly.

The other Justices concurred.