GEORGE W. BRIDGMAN AND DAVID BACON v. CHARLES A. JOHNSON, ADM'R OF MARTHA S. CLARK.

*Foreclosure for instalments due—Discharge of mortgage and release of indorser by giving warranty deed of mortgaged premises.*

Where a mortgage is foreclosed for an instalment only, it remains in force as to notes secured by subsequent instalments; and indorsers of such notes may look to the security for indemnity if called on to pay them.

If a mortgagee bids in the premises on foreclosure sale for an instalment due, and afterwards gives a warranty deed of the land, the warranty deed discharges the mortgage and releases indorsers of such notes as may be secured by subsequent instalments thereof.

Error to Berrien. Submitted Oct. 20. Decided Oct. 27.

ASSUMPSIT. Defendants bring error. Reversed.

*George W. Bridgman* and *Edward Bacon* for plaintiffs in error. A mortgagee who has bid in the land on foreclosure subject to another instalment to fall due on the mortgage cannot afterwards enforce the debt against the mortgager

except on condition that the latter is subrogated to his rights under the mortgage: *Shermer v. Merrill* 33 Mich. 284; *Ledyard v. Phillips* 32 Mich. 18; double proceedings by mortgagees to enforce the mortgage lien and the personal liability against mortgagers are discountenanced: *Equit. Life Ins. Co. v. Stevens* 63 N. Y. 345; *Scofield v. Doscher* 72 N. Y. 493.

*O. W. Coolidge* for defendant in error. A mortgagee can maintain a personal action against the mortgager for instalments to fall due, though the land has been sold on foreclosure for preceding ones: *Bliss v. Weil* 14 Wis. 35; *West Branch Bank v. Chester* 11 Penn. St. 282; *Poweshiek Co. v. Dennison* 36 Ia. 244; *Minor v. Hill* 58 Ind. 176; *Porter v. Pillsbury* 36 Me. 278; *Watson v. Hawkins* 60 Mo. 550; *Globe Ins. Co. v. Lansing* 5 Cow. 380; 2 Jones Mort. § 1938; 4 Kent's Com. 184.

CAMPBELL, J. Bridgman and Bacon were sued as successive endorsers of a note made by Anderson Russell and Henderson Russell, in December, 1873, payable to Bridgman or order with interest at ten per cent. three years from date. This was one of three notes payable at different times and secured by mortgage. Bridgman transferred them all with the mortgage to Bacon, endorsing the notes, and Bacon endorsed and transferred them to Mrs. Clark.

In August, 1875, the mortgage was foreclosed on the first note by advertisement and the property bid in by Mrs. Clark. She subsequently conveyed the premises by warranty deed to one Cæsar Lenhart for $1050. Having done this, she sued the third note, and recovered upon it. Error is brought by the two endorsers.

The mortgage was foreclosed for nothing but the first instalment. No portion of the one now in suit was due or included in the sale. The result is that after that foreclosure as decided in *McCurdy v. Clark* 27 Mich. 445, and *Miles v. Skinner* 42 Mich. 181, the mortgage remained in force as to this note and the parties who endorsed it had a right, if

called on to pay it, to look to the security for indemnity. By her warranty deed Mrs. Clark discharged the mortgage and released the endorsers.

As the subject was fully considered in the cases referred to it is not necessary to enlarge upon it. The judgment must be reversed as to the plaintiffs in error with costs of both courts.

The other Justices concurred.