### Lizzie Rose v. Herbert L. Page.

*Chattel mortgages—Foreclosure—Sale—Notice.*

| 82 | 105 |
| --- | --- |
| 118 | 441 |
| 82 | 105 |
| e143 | 2519 |
| 82 | 105 |
| 152 | 3 12 |

1. Where a chattel mortgage provides for a private sale in case of default, and makes no provision for notice to the mortgagor, a sale after the debt is due is valid without such notice; citing Jones, Chat. Mortg. § 793.
2. Where a sale of chattel-mortgaged property is made in good faith, a mere irregularity will not subject the purchaser or mortgagee to an action of tort in which the value of the property can be recovered, leaving the mortgage debt unpaid.
3. In this case it is held that the foreclosure of a chattel mortgage, and the purchase of the property by the mortgagee, subject to two prior mortgages held by him, covering the same and other property, did not operate as a discharge of the prior mortgages, and a payment of the debts secured thereby.

Error to Charlevoix. (Ramsdell, J.) Argued June 5, 1890. Decided August 1, 1890.

Trover. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Frank E. Fogg,* for appellant.

*Norton & Keat*, for defendant.

·GRANT, J.   This is an action of trover for the conver-
sion of two buildings.   These buildings, the property of
the plaintiff, were situated on leased ground.   She was
also the owner of a small steam-boat.

April 15, 1887, she and her husband executed a chattel
mortgage upon one of the buildings and the boat to one
Martin, to secure the payment of $50.   On the 28th of
the same month, they executed another mortgage upon
both of the buildings and the boat to Martin, to secure
the payment of $108.   May 24, they executed a third
mortgage upon the boat alone to the defendant, to secure
the payment of $143.20.   Defendant, in order to protect
his third mortgage, purchased the other two; and they
were duly assigned to him.   The mortgages contained the
usual clause against removal by the mortgagor, and pro-
vided for seizing and selling the property in case that
was done.

Plaintiff sold her interest in the boat.   Defendant
thereupon took possession, advertised, and sold it at pub-
lic auction, subject to the other two mortgages.   He bid
it off for the sum of $40, and afterwards sold . it.   He
afterwards took possession of the buildings, and sold
them at private sale, under the authority conferred in
the mortgage, for $360.   There was a mechanic's lien
upon one or both of these buildings for $60.   The amount
for which they were sold exceeded the amount of the
mortgage liens, and defendant tendered to plaintiff the
amount he claimed to be due her, less another sum which
he claimed Mr. and Mrs. Rose owed him.   Plaintiff
declined to receive that amount, or to recognize the
validity of the sale, and brought this action, claiming
that the sale was without authority and void.

The court charged the jury that the power of sale in

these mortgages was a special power, authorizing the sale only for the purpose of collecting the amount due upon the mortgages; that, to justify the sale under this power, it must have been made in good faith to carry out that intention; that if they found from the evidence that the purpose and intention of Page was to pocket the surplus, or apply it in any manner not authorized in said power, or to the payment of other or unsecured claims he had, or claimed to have, against the plaintiff, he was a wrong-doer, and the sale, instead of being a foreclosure, was a conversion of all the plaintiff's interest in the property. The jury were further charged in regard to the measure of damages and the burden of proof.

Plaintiff does not complain of, or attack the validity of, the foreclosure upon the boat; and the court instructed the jury to determine the value of the boat, and the cost of foreclosing the mortgage upon it, and, if that was not sufficient to pay the amount of that mortgage and such expenses, that the balance remained a personal debt against the plaintiff, but could not be considered in figuring up the amount to be deducted from the value of the build-ings. They were further instructed that if they found that defendant had a balance still due him after a fair and equitable disposal of the boat, and he proceeded to sell the property in good faith, their verdict must be for the defendant. The jury found a verdict of no cause of action, and plaintiff appeals.

Two questions are presented by the record:

1 Did the foreclosure of the third mortgage oper-ate as a discharge of the other two mortgages, and a payment of the debts secured thereby?

It is difficult to conceive any rule of law or equity by which this question can be answered in the affirmative. Plaintiff has sold and parted with all her interest in the boat. She has paid none of the debts secured by either

of the three mortgages, nor the mechanic's lien upon the buildings. The boat was not worth much if any more than the debt secured by the third mortgage upon it alone. What she secured from the sale of the boat does not appear. She now seeks to recover the value of the mortgaged property, not only without payment of any portion of the debt secured thereby, but insists that it has been paid by the act of the defendant in foreclosing. We have carefully examined the authorities cited upon plaintiff's brief, and none of them maintain the doctrine here contended for.[1] The court correctly charged the jury, and carefully protected all her rights and interests.

2. Was the private sale without notice to the mortgagor a conversion of the property, and did it destroy his lien thereon?

The complete answer to this question is that the mortgage expressly provided that the mortgagee might sell at private sale, and did not provide for any notice to be given. In such case a sale after the debt is due is valid without notice. Jones, Chat. Mortg. § 793. Upon this branch of the case the plaintiff seeks to obtain the value of her property without tendering the amount of her debt; but a mere irregularity, where the sale is made in good faith, will not subject the purchaser or mortgagee to an action of tort in which the whole value of the property can be recovered, leaving the mortgage debt unpaid.

*Culbertson v. Young*, 50 Mich. 190 (15 N. W. Rep. 77), cited by plaintiff's counsel in support of his contention, does not establish any such rule as is here contended for. That was a bill to redeem; and the facts were that the assignee of a chattel mortgage given to secure a number of notes transferred some, with the power of sale, but

---

[1] Counsel cited *Merritt v. Niles*, 25 Ill. 282; *Speer v. Whitfield*, 10 N. J. Eq. 107; *Bridgman v. Johnson*, 44 Mich. 491; *Denham v. Kirkpatrick*, 64 Ga. 71; *Ledyard v. Phillips*, 32 Mich. 13; *Robins v. Swain*, 68 Ill. 197.

retained a junior interest in the mortgage much larger than that which he transferred. The transferee foreclosed without notice to the holder of the junior interest, and with no other notice to the public than by posting notices the night before the sale, and tearing them down immediately afterwards. The question of notice, under the circumstances of this case, was not involved in that one. That the defendant acted in good faith is settled by the verdict of the jury. Under such circumstances the proper remedy for the plaintiff was by a bill to redeem, in which proceedings the rights of all parties could be protected, or, if she chose, to ratify the sale, and bring an action of *assumpsit* to recover the surplus. We do not think that an action in tort was the proper remedy.

The judgment is affirmed.

The other Justices concurred.