SAMUEL S. EDGAR v. ANDREW H. BECK, CATHERINE M.
BECK, AND ROBERT EDGAR.

*Mortgage—Foreclosure—Installments of interest.*

1. How. Stat. § 8498 (subd. 4), which provides that, in cases of
mortgages given to secure the payment of money by install-
ments, each of the installments after the first shall be taken
and deemed to be a separate and independent mortgage, and
such mortgage for each of such installments may be foreclosed
in the same manner, and with the like effect, as if such sepa-
rate mortgages were given for each of such subsequent install-
ments, and a redemption of any such sale by the mortgagor
shall have the like effect as if the sale for such installments
had been made upon an independent prior mortgage, includes
installments of interest becoming due by the terms of the mort-
gage, as well as installments of principal.

2. The language used in *Miles v. Skinner*, 42 Mich. 181, 185, which
is opposed to this view, was not necessary to the decision of
that case, and therefore may be disregarded.

Appeal from Montcalm. (Smith, J.) Submitted on briefs
June 9, 1893. Decided July 25, 1893.

Bill to foreclose a mortgage. Defendant Edgar appeals.
Decree affirmed. The facts are stated in the opinion.

*S. F. Kennedy* (*John Lewis*, of counsel), for complainant.

*F. L. Allen* (*Fitzgerald & Barry*, of counsel), for
appellant.

McGRATH, J. This is a proceeding in chancery to fore-
close a mortgage given by defendants Beck. A prior
statutory foreclosure had been had for installments of
interest, and upon the sale the premises were bid in by
complainant. Before the year had expired, defendant
Edgar, for a nominal consideration, took a deed from
defendants Beck, and paid the amount for which the

premises had been sold to the register of deeds. The notice of sale recited that there was due at that date $293.10 of principal, and $100.02 of interest, and that the sale was for the purpose of recovering the amount of said interest and the costs of foreclosure. Defendant now insists that the former sale extinguished the mortgage.

Subdivision 4, § 8498, How. Stat., provides that,—

"In cases of mortgages given to secure the payment of money by installments, each of the installments mentioned in such mortgage after the first shall be taken and deemed to be a separate and independent mortgage, and such mortgage for each of such installments may be foreclosed in the same manner, and with the like effect, as if such separate mortgages were given for each of such subsequent installments, and a redemption of any such sale by the mortgagor shall have the like effect as if the sale for such installments had been made upon an independent prior mortgage."

This statute was undoubtedly intended to include installments of interest becoming due by the terms of the mortgage, as well as installments of principal. It was evidently passed, as is said by Mr. Justice COOLEY, in *McCurdy v. Clark*, 27 Mich. 445, 447, "in consequence of the decision in *Kimmell v. Willard's Adm'rs*, 1 Doug. 217, in which it was held that a foreclosure under the power of sale for the satisfaction of one installment, and a sale of the land therefor, forever disincumbered the land of the mortgage." In the Kimmell case the foreclosure was for installments of interest past due; the discussion relates to "installments" past due, and to become due; and the *syllabus* recites that—

"Where a mortgage is foreclosed by advertisement under the statute for a default in the payment of one of several installments, and the mortgaged premises are bid off for the amount of such installment only, they are thereby forever disincumbered of the mortgage."

The decision was handed down at the July term, 1843,

and the section of the statute above referred to was enacted in 1844. The Legislature seems to have adopted the term "installments" as used in that case, and there is nothing to indicate the use by it of that term in a more restricted sense than it was used by the Court. It certainly cannot be said that the amendment avoids the consequences which would result from that adjudication under a similar state of facts, unless the word "installments" is construed to include installments of interest. The amendment does not in express terms refer to installments of principal only, and a mortgage is given to secure the payment of installments of interest, as well as installments of principal.

It is true that in *Miles v. Skinner*, 42 Mich. 181, 185, language is used which is opposed to this view, but in that case the foreclosure was for one of several installments of principal, as well as an installment of interest, both of which became due November 16, 1867. The notice was dated January 15, 1868. The sale was had April 14, 1868, and interest was computed upon the principal not due, as well as upon the past-due principal, from November 16, 1867, the date when the installments of principal and interest became due, until the date of sale, including about five months' interest not due at the date of sale. Otherwise, the proceeding would have been within the protection of the statute, in any view; for that was a foreclosure for an installment of principal, as well as for an installment of interest, and the same result must must have followed if it had been upon a foreclosure commenced for an installment of principal only, and the sale had included interest not yet due upon other installments. A foreclosure of a mortgage payable in installments, for an installment of principal, that did not include an installment of past-due interest upon unmatured installments of principal, would be a rare proceeding, and, if the inclusion of past-due interest upon installments of principal not yet due is held to

exhaust the mortgage, it is safe to say that very few foreclosures of installments, had under the statute, have not disincumbered the land of the mortgage. It certainly was not the intention of the Legislature that, in a proceeding to foreclose one of the several installments of principal, past-due interest upon other installments of principal not yet due should be excluded. The language referred to as used in *Miles v. Skinner* was not necessary to the decision of that case, and therefore must be disregarded.

The statements in the brief of counsel for appellant, in the present case, that the amount for which the premises were sold included accrued interest on the whole amount owing on the mortgage up to date of sale, and that interest was reckoned from the date of the note up to the time of the sale, are not supported by the record. The mortgage was for $293.10, and had run four years and nearly three months, at 10 per cent. The notice set forth the amount of interest due as $100.02. The sale was for $102.50, and costs, showing that the only interest added at the time of the sale was the accrued interest on the amount stated in the notice.

The decree is affirmed, with costs to complainant, and the record remanded.

The other Justices concurred.