CANVASSER *v.* BANKERS TRUST COMPANY OF DETROIT.

1. MORTGAGES—PARTICIPATION CERTIFICATES—RIGHT TO FORECLOSE.
   Mortgage foreclosure proceedings *held,* not ineffective because mortgagee had sold participation certificates to full amount of mortgage, where both the mortgage and certificates reserved to mortgagee the right to foreclose.

2. SAME—TRUSTS — PARTICIPATION CERTIFICATES — ASSIGNMENTS — FORECLOSURE BY ADVERTISEMENT.

Participation certificates, payable to bearer, issued and guaranteed by trust mortgagee *held*, not ''assignments'' within meaning of statute requiring that assignments of mortgages be recorded before holder could give notices in proceedings to foreclose by advertisement where certificate holders were not substituted thereby in place of mortgagee (3 Comp. Laws 1929, §§ 13498, 13499, 14426 [3]).

3. SAME—TRUSTS — PARTICIPATION CERTIFICATES — ASSIGNMENTS — POWER TO FORECLOSE.

Participation certificates issued and guaranteed by trust mortgagee and reserving power to it to foreclose mortgage *held*, not to effect an assignment of the mortgage with respect to exercise of power to foreclose even though certificates were issued for full amount of mortgage.

4. SAME—FORECLOSURE BY ADVERTISEMENT—INTEREST—DELINQUENT FIRST INSTALMENT.

In foreclosure by advertisement for instalments after the first, of which belated payment of interest had been made, whether or not interest on such belated payment of interest was a part of the first instalment *held*, unnecessary to decision since a delinquent first instalment may be included in a foreclosure by advertisement for failure to pay subsequent instalments (3 Comp. Laws 1929, § 14426 [4]).

5. SAME—FORECLOSURE BY ADVERTISEMENT—NOTICE OF SALE—SALE FOR GROSS SUM DUE.

Foreclosure by advertisement as to a single parcel of land *held*, not invalid because notice of sale failed to specify amount of each instalment for which foreclosure was being had but sale was had for gross sum claimed due under mortgage (3 Comp. Laws 1929, § 14426 [4]).

6. SAME—FORECLOSURE FOR INSTALMENTS BY ADVERTISEMENT—SUBSEQUENT INTEREST—AMOUNT OF BID—REDEMPTION.

In suit to set aside foreclosure of certain instalments of a mortgage by advertisement, inclusion in amount of bid of amount of an interest instalment falling due between date of the commencement of the foreclosure and the date of the sale of the mortgaged premises *held*, not to have invalidated the sale where plaintiffs do not offer to redeem and no cash excess arose upon the sale.

Appeal from Wayne; Callender (Sherman D.), J. Submitted April 12, 1938. (Docket No. 76, Calendar No. 39,946.) Decided June 6, 1938. Rehearing denied October 3, 1938.

Bill by Charles M. Canvasser and wife against Bankers Trust Company of Detroit, a Michigan corporation, to declare null and void foreclosure of a mortgage by advertisement. Cross-bill by defendant against plaintiffs for an injunction and other relief. Decree for defendant. Plaintiffs appeal. Affirmed.

*Harris W. Wienner,* for plaintiffs.

*Frank C. Cook* and *John P. O'Hara* (*A. L. Baumann,* of counsel), for defendant.

BUSHNELL, J. Plaintiffs appeal from a decree dismissing a bill of complaint in which they sought to have a statutory mortgage foreclosure declared invalid.

The mortgage in question was executed by plaintiffs on August 10, 1929, to secure the payment of $77,500, and it provided that $4,000 should be paid upon principal on the 1st day of August, 1930, and the same amount for five successive years, the entire balance of the mortgage being payable on August 1, 1936. Interest was to be paid upon the mortgage indebtedness semiannually. The mortgage contained the following provision:

"It is understood by said mortgagors that said mortgagee is engaged in the business of assisting its borrowing clients in financing buildings, or building enterprises, and that it contemplated the sale of part or the whole of this mortgage and of the promissory note to which it is collateral, to some one or more of its other clients, and that in the event it sells the

same, or any part thereof, it may guarantee to the purchaser the payment of all principal and interest thereon, and will attend to the collection of said principal and interest when and as they become due, and will, if default is made by mortgagors in any of the terms hereof, commence and carry to conclusion foreclosure proceedings, or such other suit or action as to it seems best, and that in so doing said mortgagee may act in the capacity of a trustee for the benefit of all those who may become purchasers of all or any part of this mortgage, and said mortgagors hereby give and grant to said mortgagee, in addition to all other rights and remedies either at law or in equity in case of any default in any of the terms or conditions hereof, an assignment of the rents and profits of said mortgaged premises for the benefit of the holders of all or any part of this mortgage and of the note herein referred to, under the provisions of Act No. 228, Pub. Acts 1925* of the State of Michigan, or any amendment thereof.''

Defendant Bankers Trust Company issued and sold to the public participation certificates to the extent of the entire amount of the mortgage. These certificates contained the following stipulations:

''2d. The holder, irrevocably appoints the company his, her or its agent and authorizes the company in its own name:

'' (A)   To receive, collect and give acquittance for the sums owing upon said note and mortgage as they mature, and upon full payment to discharge such mortgage from record. * * *

'' (C)   To exercise any of the rights, privileges or option in said mortgage given to the mortgagee.

'' (D)   To institute any legal or equitable suit or proceedings necessary or requisite to carry out the authority granted.''

---

* See 3 Comp. Laws 1929, §§ 13498, 13499 (Stat. Ann. §§ 26.1131, 26.1132).—REPORTER.

Defaulted certificates totaling $4,000 were repurchased and canceled by defendant Bankers Trust Company in August of 1930. Plaintiffs admit that they were then in default as to the $4,000 principal indebtedness, and also $2,364.50 interest, which latter sum included interest on the first interest instalment which was paid after its due date. Defendant claims that plaintiffs were also in default on unpaid taxes, et cetera, thus making the total amount of plaintiffs' default $7,294.03 as of January 20, 1931. The Bankers Trust Company then commenced foreclosure by advertisement, in which they claimed the aforesaid sum was due and in default. The property involved, consisting of a three-story brick 34-family apartment building, located at 2034 Pingree avenue in the city of Detroit, was purchased at the foreclosure sale by the Bankers Trust Company on April 28, 1931, for the sum of $9,716.96, which sum included an interest instalment that fell due on February 1, 1931, and interest thereon to date of sale. There were no other bidders at the sale. The sheriff's deed which was delivered to the defendant contained the following recital:

"This deed is given subject to a lien of said mortgage on said premises which mortgage is recorded in liber 2367 of mortgages on page 348 for the balance due on said mortgage in the sum of $73,500, together with interest from the 1st day of February, A. D. 1931, in accordance with the terms of said mortgage."

The attorney for the Bankers Trust Company, who bid in the property at the sale, testified as follows:

"I did not have any bonds or participation certificates with me at the sale nor did I turn any over to the sheriff or deputy sheriff. I didn't turn over any cash to the sheriff, except the sheriff's fee of $3."

Defendant took possession of the premises on April 30, 1932, two days after the year for redemption had expired, and has been in possession ever since.

Plaintiffs, in their bill of complaint filed April 28, 1932, sought relief on the sole ground that the premises "were sold under the notice of publication for a sum greater than that called for in said notice of publication."

At the trial, almost five years later, plaintiffs were permitted to amend their bill of complaint and include therein an allegation that the "attempted foreclosure * * * was void because the Bankers Trust Company had no interest in the mortgage at the time of foreclosure, having sold the said mortgage in portions to numerous and divers persons who did not join in the foreclosure of the mortgage."

Appellants argue in their briefs that, because of the sale of the participation certificates by appellee, the latter lost its power to foreclose the mortgage and that the attempted reservation in the participation certificates of a "naked power" to foreclose the mortgage was nugatory.

The original mortgage instrument expressly conferred upon appellee the power to sell participating certificates in which the right to foreclose was reserved. At least under these circumstances the reservation of the power to foreclose was effective.

Appellants also argue that the participation certificates were "assignments" of the mortgage and that the foreclosure was invalid because of appellee's failure to record these "assignments" as required by 3 Comp. Laws 1929, § 14426 (3) (Stat. Ann. § 27.1222). We are of the opinion that they were not "assignments" within the meaning of the statute. The certificates are made payable to bearer and pro-

vide that the "company shall pay the holder the principal as and when collected from said note and mortgage." Defendant Bankers Trust Company was obligated thereunder to pay the principal in any event within 18 months after the holder made a demand for payment subsequent to the due date. The certificates did not substitute their holders in place of defendant Bankers Trust Company as mortgagees under the mortgage instrument.

What has just been said applies with equal force to appellants' contention concerning appellee's power to foreclose.

3 Comp. Laws 1929, § 14426 (4) (Stat. Ann. § 27.1222), provides in part as follows:

"In cases of mortgages given to secure the payment of money by instalments, each of the instalments mentioned in such mortgage after the first, shall be taken and deemed to be a separate and independent mortgage, and such mortgage for each of such instalments may be foreclosed in the same manner and with the like effect as if such separate mortgages were given for each of such subsequent instalments and a redemption of any such sale by the mortgagor shall have the like effect as if the sale for such instalments had been made upon an independent prior mortgage."

Appellants claim that the interest which was owing on the belatedly paid first interest instalment and which was included in the foreclosure was a part of the first instalment; that section 14426 (4) authorizes foreclosure for separate instalments only "*after* the first," citing *Shorts* v. *Cheadle,* 8 Minn. 67. It is not necessary to determine whether interest on a first interest instalment is a part of such first instalment, nor whether a separate foreclosure may be had for a first instalment under this section because, in the in-

stant case, foreclosure was for subsequent instalments, and in such case a delinquent first instalment may be included in the foreclosure. See *Miles* v. *Skinner,* 42 Mich. 181 and *Edgar* v. *Beck,* 96 Mich. 419.

Appellants' contention that the foreclosure was invalid, because the notice of sale did not specify the amount of each instalment for which foreclosure was being had, and because the sale was for the gross sum claimed to be due under the mortgage, is untenable. This argument might possibly apply to a foreclosure involving several *parcels* of land, but, in the present case, the foreclosure is for several instalments, all of which pertain to a single parcel.

The inclusion in the amount of the bid of the amount of an interest instalment falling due between the date of the commencement of the foreclosure and the date of the sale of the mortgaged premises does not invalidate the foreclosure. *New York Life Ins. Co.* v. *Erb,* 276 Mich. 610. Plaintiffs do not offer to redeem and we do not pass upon the effect of the inclusion of this item on the right of redemption. No cash excess arose upon the sale of the premises; consequently there is no relief that can be afforded plaintiffs in that direction.

The decree entered by the trial court is affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.