Reed *v.* Johnson.

THOMAS REED, Plaintiff in Error, *v.* ARCHIBALD JOHNSON, Defendant in Error.

ERROR TO MENARD.

A justice of the peace has jurisdiction in an action of trespass for injury to growing corn, if the damages claimed do not exceed one hundred dollars.

THIS cause was heard before WOODSON, Judge, at November term, 1852, of the Menard Circuit Court.

22*

Reed v. Johnson.

T. L. HARRIS and W. H. HERNDON, for plaintiff in error.

W. BROWN, for defendant in error.

TRUMBULL, J. Reed sued Johnson in trespass before a justice of the peace for an injury done by the cattle of the latter to the growing corn of the former. The circuit court dismissed the suit for want of jurisdiction in the justice, on the ground that growing corn was real estate, and that, under the statute, it was only in actions of trespass on personal property that justices had jurisdiction. The damages claimed were less than one hundred dollars; and the only question is, whether growing corn can so far be regarded as personal property as to authorize an action before a justice of the peace for an injury to it.

Formerly, the term personal property was understood to embrace movables only, which, being of a perishable character, were much less regarded by the law than things which, in their nature, were immovable, and more permanent. But of later years, says Blackstone, "we have learned to conceive different ideas of it;" and it is now held to include not only "things movable, but something more, the whole of which is comprehended under the general name of chattels," which word, as used by the Normans, "is set in opposition to a fief or feud; so that not only goods, but whatever was not a feud, were accounted chattels." It is in this extended sense that our law, according to Blackstone, adopts the word chattels. "For as there are two requisites to make a fief or heritage, duration as to time, and immobility with regard to place; whatever wants either of these qualities is not, according to the Normans, an heritage, or fief; or, according to us, is not a real estate; the consequence of which, in both laws, is, that it must be a personal estate, or chattel." 2 Blacks. Com. 385, 386.

Kent's definition of personal property is, that it "includes all subjects of property not of a freehold nature, nor descendible to the heir at law." 2 Kent's Com. 340. According to this definition, a growing crop of corn is personal estate; for the rule is well established, that, on the death of the owner, it goes to the executor or administrator, and not to the heir. Williams on Executors, 494.

Growing crops, which are the products of annual planting, are also so far considered personal property, that they may be distrained for rent, sold as personalty by the owner, or taken on execution. Craddock v. Riddlesbarger, 2 Dana, 204; Evans v. Roberts, 5 Barn. & Cress. 829. Even as between vendor and vendee some courts have held, that the growing grain is to be

Reed *v.* Johnson.

deemed personal estate, and does not pass to the vendee. Smith *v.* Johnson, 1 Penn. Rep. 471; though the general current of authorities is believed to be the other way. 4 Kent's Com. 468. In the case of Britain *v.* McKay, 1 Ired. 265, it is said, that growing crops, which require annual planting, are, for most purposes, regarded as personal property. In the case of Craddock *v.* Riddlesbarger, the court of appeals of Kentucky say, " The authorities leave no pretext for doubting that growing corn is a chattel." An examination of the authorities shows, that the products of annual planting, or the *fructus industriæ*, are regarded both ways, sometimes as real, and sometimes as personal, estate, depending very much upon the character and capacity in which the respective parties claim them. There is no fixed rule by which to determine, in every case, when they are to be deemed personal, and when real, estate; and the present case may, as we conceive, be decided either way without any violation of principle, and upon respectable authorities.

It will certainly be more convenient to allow justices of the peace to entertain jurisdiction of such cases. It often happens that the owner of a field of corn has no other interest in the land where it grows than to raise the crop from it; and if compelled to resort to an action of trespass *quare clausum fregit* in the circuit court, for every injury to the corn while maturing, the expense and delay of the proceeding will often deter him from an attempt to assert his rights. In this very case, for aught that appears, the owner of the corn may have been a mere tenant, and had no interest in the land except to raise the crop of corn. The bill of exceptions shows that the corn was protected by a good and sufficient fence; that the cattle of the defendant came over the fence and committed the injury to the corn, for which alone damages were claimed; and we see nothing either in the law, or the subject-matter of the suit, which should prevent a justice of the peace from entertaining jurisdiction of the case.

Judgment reversed, and cause remanded.

*Judgment reversed.*