## SESSIONS vs. PEAY, REC'R.

The *6th section of chapter* 92, *Dig.*, has not the effect to abolish survivorships in choses in actions (*Trammell vs. Harrell*, 4 *Ark.* 602), and upon the death of one of several payees, the survivors may sue upon the note, or make an assignment of it.

*Appeal from the Circuit Court of Chicot county.*

Hon Theodoric F. Sorrells, Circuit Judge.

Fowler & Stillwell, for the appellant.

S. H. Hempstead for the appellee.

Mr. Justice Scott delivered the opinion of the Court.

Gordon N. Peay, " Receiver of the Real Estate Bank of the State of Arkansas," instituted an action of assumpsit, in Chicot county, against Daniel H. Sessions.

The first count of the declaration averred that, on the 12th of January, 1853, the defendant, together with one Charles R. Sessions, now dead, under the style of D. H. & C. R. Sessions, made their promissory note, in writing, of that date, and thereby promised, two years after the date thereof, to pay to Henry L. Biscoe, John Drennen, Sandford C. Faulkner; James H. Walker, and Luther Chase, trustees of the Real Estate Bank of the State of Arkansas, ten thousand, four hundred and fifty-six ————, value received, with interest at eight per cent. per annum after due; that afterwards, and also after the death of said Drennen and Chase, to wit: on the 1st of February, 1856, the said Biscoe, Faulkner and Walker, by Ebenezer Cummins, their duly authorized agent, endorsed and assigned the said note to the plaintiff without recourse; and delivered the same to the plaintiff.

The second count was on another note for $10,456 00, like the first in every respect, except payable at three years, and with that difference, the second count was like the first, and in both profert was made of the notes and assignments.

The breach negatives the payment of the notes and interest before and since the assignment.

The defendant demurred, assigning eight causes of demurrer.

1. That the assignment of the notes, by the Trustees, did not pass such an interest as authorized the plaintiff to sue in his own name.

2. Two of the Trustees did not join in or authorize the assignment.

3. That the action is brought, and sought to be maintained by Gordon N. Peay, Receiver of the Real Estate Bank, and he does not show how or when he was appointed Receiver.

4. That the assignment made by Biscoe, Faulkner and Walker, was a breach of trust on their part.

5. The Trustees had no legal right to delegate the authority to an agent to make the assignment.

6. The consideration and purpose of making the assignment do not appear.

7. The action is brought by the plaintiff, in his capacity of Receiver, and also in his individual capacity.

8. There is a variance between the note and the first count, in this: that the word dollars is in the note, but not in the first count.

The causes of demurrer are somewhat more amplified; but the above is the substance.

The Court overruled the demurrer; and Sessions stood upon it. Judgment was rendered against him for $23,283 02, with 8. per cent. interest thereon, from 11th of December, 1856, until paid; and he appealed to this Court, and stayed execution, entering into a recognizance.

The counsel for the appellee has, with great industry and at much length, collected all the needful authorities, and answered conclusively, *seriatim*, all of these eight objections. But they are so manifestly frivolous that we do not deem it our duty to respond to them; especially as the only question made in this Court, by the counsel for the appellant, is, as to whether the the provision of our statute (*chap.* 92, *sec:* 6, *p.* 621), that " All survivorships of real and personal estate are forever abolished," has the effect to abolish survivorships in choses in action. That question was decided by this Court in the negative, in the case of *Trammell vs. Harrell*, 4 *Ark. R. p.* 602; and that decision, upon that point, has never since been questioned in this Court, and, as we think, ought to remain at rest. Numerous cases have since been brought and maintained in this Court by surviving payees and surviving trustees and their indorsees. The Legislature never could have designed to produce so much mischief as to repeal the old law upon this subject, and there is nothing in the language of the provision of the statute in question, to authorise any such idea. Finding no error in the record, the judgment of the Court below will be affirmed, with *four* per cent. damages.

Absent, Mr. Justice HANLY.