JOHN W. MERRITT, Plaintiff in Error, v. NATHANIEL NILES, Defendant in Error.

### ERROR TO ST. CLAIR.

The mortgagor of a chattel has an interest which may be sold by execution. The purchaser under the execution acquires the right of possession and the ownership subject to the mortgage.

Where one of two mortgagors purchased the mortgaged chattel, paid off the other mortgage, and took the property into his own possession, his mortgage was thereby extinguished. He could not foreclose against himself, or sell the property to pay himself. He was paid by operation of law.

THIS was an action of debt on a note for $337.60, with ten per cent. interest, given July 12th, 1851, by defendant below to plaintiff.

Plea, general issue, payment, and notice that defendant would give in evidence under the general issue, that the note sued on was secured by certain mortgaged property, goods and chattels, which plaintiff took possession of in payment of said note.

It appeared in evidence that in the spring of 1851, one H. H. Horner took a mortgage from defendant below on a printing press and printing materials for the security of $281.60 ; that plaintiff below, on the 12th day of July, 1851, took a mortgage from the defendant below on the same property, for the security of the note sued on ; that both these mortgages provided that the defendant should retain the possession and use of the mortgaged property ; that both these mortgages were made, acknowledged and recorded in St. Clair county where the mortgaged property was situated ; that subsequent to these mortgages, two judgments were obtained against the defendant below in the St. Clair Circuit in favor of one Stookey and one Anderson, and amounting together to more than $200. That the sheriff of St. Clair county, in pursuance of executions from these judgments, made public sale of said mortgaged property on the 27th of September, 1851, before said mortgages or either of them was due ; that plaintiff below purchased said property at said sheriff's sale for $200, and took it to his entire use and behoof thenceforth ; that the property, at the time it was taken by plaintiff below, was worth $1,000 ; and that plaintiff below undertook to pay said Horner the amount of his said mortgage by giving him his (plaintiff's) note therefor.

The court gave judgment in favor of plaintiff below for three

Merritt *v.* Niles.

hundred and thirty-seven dollars and sixty cents debt, and two hundred and ninety-five dollars and forty cents damages.

J. BAKER, for Plaintiff in Error.

N. NILES, *pro se.*

BREESE, J. The mortgagor of a chattel, having the right of possession for a definite period, has an interest which may be sold by execution. The purchaser under the execution acquires thereby, the right of possession and the absolute ownership, subject to the incumbrance.

Niles, in this case, was an incumbrancer prior to the execution, and so was Horner. Niles, by his purchase under the execution, acquired the right of immediate possession of the property, and the absolute ownership also, subject only to his own and Horner's incumbrance. By extinguishing these incumbrances, Niles became the absolute and undisputed owner, as a stranger would have been who had purchased at the sheriff's sale, and discharged the incumbrances. By paying off Horner's mortgage, and taking the property into his possession as his own, his own incumbrance was thereby extinguished, for he could not subject the property in his own hands, to its payment; he could not foreclose against himself, or sell the property to pay himself. He was paid by operation of law.

As a question of intention, we are satisfied, as the mortgaged property is shown to have been worth much more than the judgments under which it was sold, together with the two mortgages, and his paying off Horner's incumbrance raises a strong implication that Niles took the property in payment of his own note and mortgage. Taking the property subject to his own mortgage he thereby satisfied his own debt. He purchased the property at the sheriff's sale for much less than the real value by reason of the incumbrances upon it, and it would not be just that he should hold the property and be permitted to collect the debt also. The judgment is reversed, and the cause remanded.

*Judgment reversed.*