### Eugene J. Bronson v. American Type Founders Company.

#### Gen. No. 12,681.

1. MORTGAGE—*when extinguished by operation of law.* The decision in this case is controlled by that of the Supreme Court in Merritt v. Niles, 25 Ill. 282.

Action of assumpsit. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed. Opinion filed October 9, 1906.

Statement by the Court. November 11, 1901, appellee sold to appellant a printing press for $700. For $600 of the purchase money appellant gave his twenty-four notes for $20 each and one for $120 of that date, payable to the order of appellee, one of said notes for $20 payable at the end of each successive month after date and said note for $120 payable twenty-four months after date, and gave to appellant a chattel mortgage of said press to secure the payment of said notes, which was duly acknowledged and recorded.

August 10, 1903, appellant sold to one Jordan a half interest in said printing press. The notes above mentioned which fell due before the date of said sale were paid by appellant, and Jordan paid the note due August 11, 1903. Between August 10 and September 11, 1903, appellant sold his remaining half interest in said

printing press to the Moline Printing Company and Jordan sold to said company his half interest therein.

September 19, 1903, said printing company traded said press at $425 to appellee to apply upon the purchase price of another press then sold by appellee to said printing company. Appellee was at said time the owner and holder of said mortgage and of the notes thereby secured which fell due after August, 1903.

This was an action at law by appellee, the mortgagee and payee, against appellant, the mortgagor and maker of the notes, to recover the amount of the said notes which fell due after August 11, 1903. The plaintiff recovered a judgment for $180, the amount of said notes without interest, to reverse which the defendant prosecutes this appeal.

CHARLES G. HUTCHINSON, for appellant.

HOBART P. YOUNG, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an action at law and the question presented is, whether by the purchase of and transfer to the mortgagee of the printing press in question the mortgage was extinguished and the debt thereby secured paid by operation of law. A similar question was before our Supreme Court in Merritt v. Niles, 25 Ill. 282.

In that case Merritt gave a chattel mortgage upon a printing press to one Horner and a second mortgage thereon to Niles. The press before either mortgage became due was sold on an execution against the mortgagor to Niles, the holder of the second mortgage, who paid off the first mortgage and then sued Merritt at law upon the note the second mortgage was given to secure, and recovered a judgment for the amount of such note, which was reversed by the Supreme Court. In the opinion in that case it was said: "The mort-

gagor of a chattel, having the right of possession for a definite period, has an interest which may be sold by execution. The purchaser under the execution acquires thereby the right of possession and the absolute ownership, subject to the encumbrance.

Niles, in this case, was an encumbrancer prior to the execution, and so was Horner. Niles, by his purchase under the execution, acquired the right of immediate possession of the property, and the absolute ownership also, subject only to his own and Horner's encumbrance. By extinguishing these encumbrances, Niles became the absolute and undisputed owner, as a stranger would have been who had purchased at the sheriff's sale, and discharged the encumbrances. By paying off Horner's mortgage and taking the property into his possession as his own, his own encumbrance was thereby extinguished, for he could not subject the property in his own hands to its payment; he could not foreclose against himself, or sell the property to pay himself. He was paid by operation of law."

So far as the question now under consideration is concerned, we are unable to perceive any material difference between the facts of the two cases. The fact that Horner had a first mortgage in that case which Niles paid off after his purchase at execution sale, is immaterial. The Horner mortgage was not affected by the sale of the mortgaged property to Niles; nor was the Niles mortgage affected by the payment of the Horner mortgage by Niles.

Nor is the fact material that in that case the mortgagee purchased the property at execution sale upon a judgment against the mortgagor, and in this case by private contract with a remote vendee of the mortgagor. The Moline Printing Company had the same right to the press here involved that Merritt had to the press involved in that case—the right of ownership and possession, subject to the mortgage. The right and interest in the mortgaged property acquired by the

plaintiff by the sale in this case was the same as that acquired by Niles in the mortgaged property by the sale to him.   The question whether the Niles mortgage was extinguished and the note thereby secured paid, was directly involved in that case in an action at law upon such note by the mortgagee against the mortgagor and maker of the note, and it was held that by the purchase by Niles of the mortgaged property his mortgage was extinguished and the debt thereby secured, "paid by operation of law."

The decision upon that question is not affected by the fact that in the opinion another question is discussed and another ground suggested for the reversal of the judgment.

Upon the authority of that case we hold in this case that by the purchase by appellee of the mortgaged property, the mortgage of appellee thereon was extinguished and the debt thereby secured paid by operation of law.

The judgment of the Superior Court will be reversed, but the cause will not be remanded.

*Reversed.*