SUE A. HAZELL NEWITT, Appellant, *v.* CLARENCE E. DAWE, as Executor of the Last Will and Testament of William J. Dawe, Deceased, Respondent.

No. 3372

February 11, 1943.                                113 P.(2d) 918.

*Milton B. Badt,* of Elko, for Appellant.

*H. U. Castle,* of Elko, for Respondent.

## OPINION

By the Court, Orr, C. J.:

This appeal presents for determination the question of whether or not the common-law rule, to the effect

that where one of the joint payees of a bill or note dies, title to the instrument passes to the surviving payees to the exclusion of the representatives of the deceased, is modified by chapter 21, session laws of 1939, page 15, viz: "An Act to define the manner in which joint tenancy may be created," approved February 23, 1939.

The following facts appear:

One Harris and wife had executed their promissory note for $12,500 to the order of William J. Dawe or Sue A. Hazell Newitt, and as security for this note, Harris and his wife executed their mortgage to William J. Dawe and Sue A. Hazell Newitt. William J. Dawe died, and Clarence E. Dawe was appointed executor of his estate. The executor came into possession of the note and mortgage. Mrs. Newitt made demand for the possession of the note and mortgage. This was refused, and she commenced suit against the executor, claiming that by reason of Dawe's death she, as surviving joint obligee, became the owner of the paper. Her complaint alleged ownership. The deceased's executor admitted all of the allegation of the complaint except the allegation of ownership, and alleged the estate's ownership of a one-half interest in the note and mortgage.

Prior to the 1939 act the statutory modification of the common-law rule as to the creation of joint tenancy related to real property only. Sec. 1513, vol. 1, Nevada Compiled Laws 1929. The act of 1939 makes specific reference to personal property in the following words: "Joint tenancy in personal property may be created by a written transfer, agreement, or instrument." It is the contention of appellant that the statute quoted supra has no reference to instruments running in favor of joint obligees, and that the rule in this state is as laid down in the case of Ehrlich v. Mulligan, 104 N. J. L. 375, 140 A. 463, 57 A. L. R. 596, decided in the year 1928, and reasserted ten years later in the case of Hill v. Breeden, 53 Wyo. 125, 79 P. (2d) 482. With this contention we cannot agree. We see no reason why the use of the words "personal property" in the 1939 statute

should be restricted so as to exclude choses in action. The common-law rule has been abrogated by statutory enactments in many states, and this modification of joint tenancies with the right of survivorship applies to joint tenancies in personal property, as well as real property, some states having provisions similar to Nevada: that the relation must be created by the grant, devise or other instrument. 33 C. J. pp. 902, 903, paragraphs 3 and 4. Under note 27, p. 903, 33 C. J., there are cited two Arkansas cases, Trammel v. Harrell, 4 Ark. 602, and Sessions v. Peay, 19 Ark. 267, which hold the rule that where two or more payees or obligees have a joint interest in a note or bond and one dies, the right of action survives to the other, is not changed by statutes by which all survivorships of real and personal estate are abolished. These cases support appellant's position, but are not in accord with the weight of authority. In the case of Trammell v. Harrell, supra, Chief Justice Ringo of said court dissented, and we believe the reasoning contained in the dissenting opinion is more in accord with the intent and purposes of statutes modifying the common-law rule. We quote with approval the following statement taken from said dissenting opinion, as it appears on page 609 of 4 Ark. The Arkansas statute reads: "All survivorships in real and personal estate, are forever abolished." Chief Justice Ringo said: "The language used certainly comprehends every case of survivorship, and, by necessary implication, as I conceive, repeals all laws establishing any such right, as well in respect to personal property and choses in action, as to real estate, without any reservation whatever. And I know of no rule or principle which warrants any restriction of, or exception to, its general operation; for, I think it has been sufficiently shown, that the injustice, the hardship, and the inconvenience of the old law, was not confined to real estate, but also extended to personal property and even choses in action; because, in respect to the latter, it could scarcely be considered just,

that a surviving obligor, simply from the accidental circumstance of the death of his co-obligor, should be bound to answer the whole demand, and be deprived of all right to call upon the legal representative of his deceased co-obligor for a ratable contribution, or that the legal representative of a deceased co-obligee should be obliged to wait until the joint demand was collected by the survivor, and then be compelled to sue him, in a court of equity, and there recover of him the share or portion of the deceased co-obligee, before he could obtain the possession and enjoyment thereof."

■ Choses in action are personal property (42 Am. Jur. p. 207, par. 26; 50 C. J. p. 763, par. 38), and are included within the term "personal property" as used in the 1939 statute, quoted supra. It has been held that notes and mortgages are considered as personal property under statutes abolishing joint tenancy. Hay v. Bennett, 153 Ill. 271, 38 N. E. 645, at page 649, column 1. And in the case of State v. District Court, 74 Mont. 355, 240 P. 667, at page 669, column 2, the court makes the statement that a chose in action is personal property under all the authorities, citing a number of cases. See also: Gockstetter v. Williams, D. C., 9 F. (2d) 928; City of Atlanta v. Chattanooga Foundry & Pipe Co., C. C., 101 F. 900, at page 907; 50 C. J. p. 763, par. 38, note 30; In re Blumenthal's Estate, 236 N. Y. 448, 141 N. E. 911, 30 A. L. R. 901. In 19 Cal. Jur. at page 798, par. 3, it is stated that a promissory note is personal property.

■ Hence the chose in action represented by the note and mortgage in this case, being personal property and coming within the provisions of chapter 21 of the Laws of 1939, in order for a joint tenancy to exist therein the instruments must so provide.

In further substantiation of the construction we have placed on the words "personal property" as used in our statute, we quote the following from Schouler on Personal Property (5th ed.), p. 226, note 3: "The modern

rule of equity is certainly to defeat a joint tenancy wherever it is possible; and in this country the incident of survivorship is destroyed by statute almost entirely, except in the cases of legacies or devises and where persons are appointed co-executors, or co-trustees, or co-guardians, or when one expressly creates the incident."

The note executed by Harris and wife, insofar as it is material here, reads: "For value received, we, jointly and severally promise to pay to the order of W. J. Dawe or Sue A. Hazell Newitt, in Elko, Nevada, or wherever payment shall be demanded in the State of Nevada, or elsewhere, at the option of the holder hereof, the sum of Twelve Thousand Five Hundred and no/100 Dollars ($12,500.00)."

The pertinent part of the mortgage to secure said note reads: "This Mortgage made the 1st day of January, A. D. 1940, between R. L. Harris and Effie Harris, his wife, both of the City and County of Elko, State of Nevada, the parties of the first part, mortgagors, and W. J. Dawe of the City and County of Elko, State of Nevada, and Sue A. Hazell Newitt, of Kansas City, State of Kansas, the parties of the second part, mortgagees, * * *."

■ From a consideration of the quoted portions of said instruments we find no basis for a holding that a joint ownership is intended, and, failing that, the holders of the note are tenants in common.

Certain proceedings were had in this court in this case on a previous occasion. In State ex rel. Newitt v. District Court, 61 Nev. 164, 121 P. (2d) 442, a writ of mandate was sought to require the lower court to hear a demurrer to the answer, and in the event the demurrer was overruled, to compel the respondent court to grant time for the filing of a reply. We said there that a judgment having been entered, the only manner in which the appellant could have his rights determined would be to appeal from said judgment or move to set the same aside. Appellant chose to appeal, and those questions

are here for consideration. However, appellant recognizes, and has asked this court to also recognize, that the all-important question involved in the case is whether or not the common-law rule as to the right of joint obligees exists in this state, and to make a determination thereof. This we have done. From a reading of the record of the proceedings had in the lower court it is apparent that around said question is built the entire structure of appellant's case. An application of the common-law rule is asked. Our holding that said rule is modified by statute leaves the contention without merit.

While it may be true that appellant was denied the opportunity of having her demurrer to the answer heard, and also denied the right to reply to affirmative matter in the answer, by reason of an alleged premature entry of judgment on the pleadings in favor of defendant in the lower court, yet a granting of the privilege to appellant to exercise such rights at this time would be of no avail—this court will not grant permission to, and appellant does not ask the privilege of performing a useless act.

The existence or nonexistence of a joint ownership must be ascertained from the instruments in question. If it does not affirmatively appear there, then such an intention could not be supplied by pleading it in a reply to the answer, as suggested by appellant. "If the presumption of joint ownership in a promissory note should attach, it is overcome, so as to destroy any right to survivorship, when it appears in proof that the deceased was the owner of a half interest in the note and a mortgage given as security for it." 7 Cal. Jur. p. 341, note 6.

Respondent in his answer plead ownership of a one-half interest in the note and mortgage by the deceased William J. Dawe in his lifetime. We understand appellant does not question the correctness of this allegation.

Appellant has asked that the main question be determined by this court so that future appeals would not be

necessary, and that the litigation be brought to an end. We think such a position is the correct one, and therefore sustain the judgment.

It is so ordered.